THE PEOPLE OF THE STATE OF NEW YORK ex rel. WALTER DEL MAR, RESPONDENT, v. THE ST. LOUIS AND SAN FRANCISCO RAILWAY COMPANY AND OTHERS, APPELLANTS.

*Peremptory* mandamus — *not proper where there is a denial by the respondent* — *nor can such denial be treated as sham.*

On an application for a peremptory writ of *mandamus*, in the first instance, the denials of a respondent cannot be regarded as sham, nor can they be disregarded because the preponderance of evidence seems to be with the relator. The facts relied upon must be admitted or not denied, otherwise only an alternative writ can issue, and upon its return issues must be framed to be tried as prescribed by the Code.

*It seems,* that it is a good ground of objection that, upon an application for a peremptory *mandamus*, affidavits were used and considered by the court which were not served with the order to show cause upon the respondent. The right to have copies of the affidavits served is a substantial one.

APPEAL from an order granting a peremptory writ of *mandamus* requiring the appellants to exhibit to the relator, a stockholder, the

544 PEOPLE ex rel. DEL MAR v. ST. L. & S. F. R CO.

FIRST DEPARTMENT, MARCH TERM, 1888.

transfer-book and list of stockholders of the St. Louis and San Francisco Railway Company.

*J. E. Burrill,* for the appellants.

*Dos Passos Bros.,* for the respondent.

VAN BRUNT, P. J.:

It would seem that there have been errors of practice. which require a reversal of the order granting a peremptory writ of *mandamus.* The only question involved upon the previous appeal from the order of reference was, as to the power of the court to grant such an order, and upon that appeal it was held that the court could grant such an order for the purpose of determining whether or not the relator was entitled to any relief. The practice in reference to the issuance of a peremptory writ is strictly defined by section 2070 of the Code, and must be pursued before the court can acquire jurisdiction to exercise this extraordinary power.

It appears from the record that affidavits were used and considered by the court upon the motion for this order, which were not served with the order to show cause as prescribed by the Code. The requirement of the Code that a copy of the papers upon which the application is founded must be served with the order to show cause, is a substantial one, as these papers are in the nature of a complaint to which the respondent is required to answer or demur upon the return day of the order, and hence must be served in order that the respondent may be apprised of their contents. The reading and consideration therefore of these affidavits would have been, if the proper objection had been raised, error, but we do not find anywhere in the record that any objection to their use was made by the counsel for the appellants, and the existence of this provision of the Code would seem to have been a discovery made subsequent to the hearing of the motion and the argument of the appeal from the order of reference.

The appellant, by not objecting to the use of these affidavits upon the ground that they were not admissible under the Code, must be deemed to have waived its rights in that respect.

By section 2070 a peremptory writ of *mandamus* can only issue in the first instance where the applicant's right to the *mandamus*

PEOPLE ex rel. DEL MAR v. ST. L. & S. F. R. CO.  545

First Department, March Term, 1888.

depends only upon questions of law; that is, were all the facts necessary to the exercise of the power to issue a peremptory writ are conceded, but if any of these facts are denied, the court can only issue an alternative writ. The truth or falsity of these denials cannot be inquired into so as to enable the court to issue a peremptory writ, although they may be inquired into so as to satisfy the court as to the propriety of granting an alternative writ.

For the purpose of issuing a peremptory writ in the first instance, denials of a respondent cannot be disregarded as sham, nor can they be disregarded because the preponderance of evidence seems to be with the relator. The facts relied upon must be admitted or not denied, otherwise only an alternative writ can issue, and upon its return issues can be framed to be tried as prescribed by the Code. In the case at bar the facts upon which the relator relied were disputed, and although the court may have been of the opinion that the denials were not made in good faith or even that they were false in fact, they cannot be disregarded; another method having been provided for the disposal of such questions.

It may be true that the delays incident to the practice laid down by the Code which happens to be that recognized by all the old authorities might, in many cases, defeat the rights sought to be enforced by a peremptory writ of *mandamus*, yet this fact would not justify the court in violating the plain provisions of law.

The order appealed from must be reversed, with ten dollars costs and disbursements.

Bartlett and Macomber, JJ., concurred.

Order reversed, with ten dollars costs and disbursements.